**DENY; and Opinion Filed November 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01349-CV

### IN RE JANINE CHARBONEAU, Relator

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-04514-2017**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

In this original proceeding, relator seeks a writ of mandamus directing the trial court to grant relator's motion to dismiss the underlying Rule 736 expedited foreclosure action. To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, relator has failed to provide the record required by Rules 52.3 and 52.7 and has, therefore, not shown she is entitled to the relief requested.  Accordingly, we deny relator's petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Ada Brown/
ADA BROWN
JUSTICE

181349F.P05